UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOHN V. MARTINEZ, | ) | Civil No.09CV416-MMA(JMA) |
|---|---|---|
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **TO DENY PETITION FOR WRIT OF** |
| F. JACQUEZ, WARDEN, | ) | **HABEAS CORPUS** |
| Respondent. | ) | |

Petitioner John V. Martinez ("Petitioner") a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In his First Amended Petition (the "Petition"), which is the operative pleading, Petitioner argues he is entitled to habeas relief for a violation of his due process rights in connection with his sentencing hearing. Petitioner articulates four grounds as a basis for habeas relief: 1) the trial judge violated Petitioner's due process rights by relying on a "last minute" supplemental statement in aggravation; 2) there was an "unconstitutional lack of notice" afforded Petitioner with regard to the supplemental statement in aggravation; 3) the trial judge denied Petitioner due process without specifying what standard of proof he used to determine the truth of the allegations in the supplemental statement in aggravation; and 4) the California Court of Appeal's conclusion of harmless error cannot be upheld because the sentencing judge relied on the supplemental statement in aggravation.   [Doc. No. 7, First Amended Petition, pp. 13, 20, 25 and 27. ]  The

1   Court, having reviewed the Petition, Answer and Memorandum of Points and Authorities, and

2   all lodgments submitted by the parties, and GOOD CAUSE APPEARING, recommends the

3   Petition be DENIED.

### ***FACTUAL BACKGROUND***

5   This Court gives deference to state court findings of fact and presumes them to be

6   correct.  Tilcock v. Budge, 538 F.3d 1138, 1141 (9th Cir. 2008).  Petitioner may rebut the

7   presumption of correctness, but only by clear and convincing evidence.  Id.; see also 28 U.S.C.

8   § 2254(e)(1).  The following statement of facts is taken from the California Court of Appeal

9   opinion:

> On November 14, 2005, a confidential source working for the Drug Enforcement
> Agency (DEA) arranged to purchase methamphetamine from codefendant Mark
> Anthony Ramirez at a restaurant while under surveillance by DEA agents.  The
> agents saw a truck driven by [Petitioner], in which [codefendant David Escobedo]
> Acero was a passenger, park at the restaurant and observed [Petitioner] speak to
> Ramirez and the confidential informant.  After the confidential informant gave
> Ramirez $275 in marked bills, Ramirez gave [Petitioner] the money in exchange
> for .25 ounces of methamphetamine.  DEA agents later stopped the truck and
> recovered the marked bills from [Petitioner and Acero], a digital scale from Acero
> and drugs hidden inside the engine compartment of the truck.
>
> [Petitioner and Acero] were charged with selling methamphetamine (count 1),
> possessing methamphetamine (count 2), transporting heroin (count 3), and
> possessing heroin (count 4), and [Petitioner] was individually charged with
> possessing marijuana for sale (count 5).  It was also alleged that [Petitioner and
> Acero] had previously been convicted of similar offenses, each had served three
> separate prison terms, each had a strike prior and that [Petitioner] had a violent
> felony prison prior.  Acero pleaded guilty to all charges and admitted the respec-
> tive sentence enhancement allegations against him.

20  [Lodgment No. 10, pp. 2-3.]

### ***PROCEDURAL BACKGROUND***

22  On June 26, 2006, Petitioner plead guilty to selling methamphetamine, Cal. Health &

23  Safety Code § 11379(a); possessing methamphetamine, Cal. Health & Safety Code § 11378;

24  transporting heroin, Cal. Health & Safety Code § 11352(a); possessing heroin, Cal. Health &

25  Safety Code §11350(a); and possessing marijuana, Cal. Health & Safety Code § 11359(a).

26  [Lodgment No. 1, Clerk's Transcript, pp. 10-13, 66.]  He also admitted he had three prior drug

27  convictions, Cal. Health & Safety Code § 11370.2(a); had served three prior prison terms, Cal.

28  Penal Code § 667.5(b); and had one prior strike conviction, Cal. Penal Code § 667(b)-(I). [Id.]

1    Sentencing briefs were filed by the prosecution and Petitioner before the sentencing

2  hearing. [Id., pp. 14-21, 37-46.]  Petitioner's brief included a request to strike his prior strike

3  conviction for purposes of sentencing. [Id., pp. 37-16.]  The day before the sentencing hearing,

4  the prosecution filed a supplemental statement in aggravation indicating sheriff's deputies had

5  used a canine trained to detect narcotics to search Petitioner and Acero's shared jail cell.

6  [Lodgment No. 2, pp. 1-3.]  The dog alerted on a piece of paper containing black residue in

7  Petitioner's possession and a greeting card, with no identifying information.  [Id.]  The

8  supplemental statement stated Sheriff's deputies had opined the paper contained black tar

9  heroin and the back of the greeting card had been soaked in methamphetamine.  [Id.]  The

10  statement was unsubstantiated and the sheriff's deputy did not create a report of the incident.

11  [Id., Lodgment No. 4, p. 36.]  The trial court denied Petitioner's request to strike his prior strike

12  conviction and imposed a sentence of eight years in state prison, based on double the middle

13  term for transporting heroin. [Lodgment No. 1, pp. 52-53, 68.]

14    Petitioner appealed, contending the trial court violated his rights to due process at the

15  sentencing hearing by relying on an untimely filed and unverified supplemental sentencing

16  memorandum containing evidence suggesting Petitioner had possessed drugs in his jail cell.

17  [Lodgment No. 5.]  He also filed a habeas petition with the California Court of Appeal in which

18  he argued he had not waived his right to appeal the introduction of the supplemental state-

19  ment.  [Lodgment No. 8.]   The habeas petition was consolidated with his appeal. [Lodgment

20  No. 9.]  On February 26, 2008, the California Court of Appeal affirmed the trial court's

21  judgment.  [Lodgment No. 10.]  In doing so, the appellate court found the trial court erred when

22  it relied on the supplemental sentencing memorandum, which contained uncorroborated

23  hearsay statements.  [Id.]  The Court of Appeal concluded, however, the error was harmless

24  beyond a reasonable doubt because it was not reasonably probable the trial court would have

25  imposed a more favorable sentence had it not considered the supplemental sentencing

26  memorandum.  [Id.]  On March 14, 2008, the Court of Appeal modified one sentence of its

27

28

1  opinion to reflect that the decision also related to the trial court's refusal to strike Petitioner's

2  prior strike and denied Petitioner's petition for rehearing.[1]  [Lodgment No. 12.]

3      Petitioner then filed a petition for review in the California Supreme Court, arguing the

4  trial court abused its discretion and violated his due process rights when it relied on the

5  supplemental statement in aggravation because it was untimely filed and did not constitute

6  competent evidence.  [Lodgment No. 14.]  The petition was denied on May 14, 2008, without

7  comment or citation of authority.   [Lodgment No. 15.]

8      Petitioner initiated this action on March 2, 2009.  [Doc. No. 1.]  By order dated March 5,

9  2009, this Court dismissed the case without prejudice and with leave to amend for Petitioner's

10 failure to either pay the $5 filing fee or provide adequate proof of his inability to pay the fee,

11 and for his failure to allege exhaustion of state court remedies.  [Doc. No. 2.]  On June 4, 2009,

12 Petitioner filed his First Amended Petition along with a request to proceed in forma pauperis,

13 which was granted by the Court.  [Doc. No. 7, 8 and 11.]  Respondent F. Jacquez ("Respon-

14 dent") thereafter filed an Answer and Memorandum of Points of Authorities.  [Doc. No. 14.]

15 Petitioner's Traverse was due by October 16, 2009, but was not filed. [Doc. No. 17.]

16                                    ***DISCUSSION***

17 **A.    Exhaustion**

18     Federal courts review any petition filed in federal court after April 24, 1996 under the

19 provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

20 § 2254.  See Lindh v. Murphy, 521 U.S. 320 (1997).  Because Petitioner enumerated four

21 grounds for habeas relief in this action but only one in his Petition to the California Supreme

22 Court, a question is raised as to whether all his claims were properly exhausted, a prerequisite

23 to habeas relief under 28 U.S.C. § 2254.  The exhaustion requirement is satisfied by providing

24 _____

25     [1]   The Court of Appeal modified the second sentence of the second paragraph on
26 page 8 to include the following language:

27     Our review of the record convinces us that the trial court's refusal to place
   Defendants on probation and send them for drug treatment **or strike a strike**
28   and its imposition of the presumptive midterm was based on their respective
   criminal histories and not the supplemental statement in aggravation.  (emphasis
   added)

1  the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims.  <u>Anderson</u>

2  <u>v. Harless</u>, 459 U.S. 4, 6 (1982).  In most instances, a claim is exhausted once it is presented

3  to a state's highest court, either on direct appeal or through state collateral proceedings.  <u>See</u>

4  <u>Sandgathe v. Maass</u>, 314 F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the

5  federal proceedings must be the same as that raised in the state proceedings.  <u>See</u> <u>Id.</u>  As

6  Respondent observes, a thorough examination of the Petition reveals the individually enumer-

7  ated claims are essentially arguments expanding on the single claim Petitioner presented to

8  the California Supreme Court and which was exhausted.  The Court, therefore, will treat them

9  as such, instead of as four discrete claims for relief.

10  **B.     Basis for Federal Habeas Relief**

11       Title 28, United States Code, § 2254(a) sets forth the following scope of review for

12  federal habeas corpus claims:

13            The Supreme Court, a Justice thereof, a circuit judge, or a district court
         shall entertain an application for a writ of habeas corpus in behalf of a person in
14       custody pursuant to the judgment of a State court only on the ground that he is in
         custody in violation of the Constitution or laws or treaties of the United States.
15

16  28 U.S.C. § 2254(a).  As amended, 28 U.S.C. § 2254(d) reads:

17        (d) An application for a writ of habeas corpus on behalf of a person in custody
         pursuant to the judgment of a State court shall not be granted with respect to any
18       claim that was adjudicated on the merits in State court proceedings unless the
         adjudication of the claim –
19
              (1) resulted in a decision that was contrary to, or involved an unrea-
20            sonable application of, clearly established Federal law, as deter-
              mined by the Supreme Court of the United States; or
21
              (2) resulted in a decision that was based on an unreasonable
22            determination of the facts in light of the evidence presented in the
              State court proceeding.
23

24  28 U.S.C. § 2254(d)(1)-(2).  Where, as is the case here, there is no reasoned decision from the

25  state's highest court, the Court "looks through" to the underlying appellate court decision.  <u>Ylst</u>

26  <u>v. Nunnemaker</u>, 501 U.S. 797, 801-06 (1991).

27       In the Ninth Circuit, when a state appellate court finds the trial judge committed a

28  constitutional violation but holds the violation was harmless, the claim must satisfy a two part

inquiry.  In order for Petitioner to be entitled to habeas relief, the Court must determine: 1) the state court's decision was 'contrary to' or an 'unreasonable application' of Supreme Court harmless error precedent, as required by 28 U.S.C. 2254(d); and (2) Petitioner suffered prejudice from the constitutional error, pursuant to Brecht v. Abrahamson, 507 U.S. 619 (1993).  Inthavong v. Lamarque, 420 F.3d 1055, 1059 (9th Cir. 2005), [reconciling the standard of reviews set forth in Mitchell v. Esparza, 540 U.S. 12 (2003) and Brecht, 507 U.S. 619.]

### 1.  The Court of Appeal's Ruling Was Not 'Contrary To' or an 'Unreasonable Application' of U.S. Supreme Court Harmless Error Precedent

As first outlined in Mitchell v. Esparza, a federal habeas court must defer to a state appellate court's decision unless it was in "conflict with the reasoning or the holdings of [U.S. Supreme Court] precedent" or if it "applied harmless-error review in an "objectively unreason-able manner."  Mitchell, 540 U.S. at 17-19 (internal quotation marks omitted).  Mitchell derived this approach from 28 U.S.C. § 2254(d) and the Chapman test, which is traditionally used on direct review and which requires the prosecution to demonstrate the error was harmless beyond a reasonable doubt.  Id.; see also Chapman v. California, 386 U.S. 18, 24, (1967) and Bains v. Cambra, 204 F.3d 964, 971 n.3 (9th Cir. 2000).  A constitutional error is harmless when "it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'"  Neder v. United States, 527 U.S. 1, 15 (1999) (quoting Chapman, 386 U.S. at 24.)  In applying the "unreasonable application" clause of AEDPA to a state appellate court's Chapman analysis, Mitchell held "[w]e may not grant respondent's habeas petition ... if the state court simply erred in concluding the errors were harmless [under Chapman's 'harmless beyond a reasonable doubt' standard]; rather, habeas relief is appropriate only if the [state court of appeals] applied harmless-error review in an 'objectively unreasonable' manner."  Mitchell, 540 U.S. at 18.  "A state court's determination that a claim lacks merit precludes habeas relief so long as fairminded jurists could disagree over the correctness of the state court's decision."  Harrington v. Richter, — S.Ct. —, 2011 WL 148587 *11 (Jan. 19, 2011) (internal quotations omitted.)  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  Id.

1    Petitioner argues here, as he did in the state courts, the sentencing judge should not
2  have considered "untimely and unverified" information contained in the supplemental sentenc-
3  ing memorandum.  The Court of Appeal agreed with Petitioner's argument the information was
4  unreliable hearsay and should not have been considered.  [Lodgment No. 10, at 7.]  The
5  appellate court concluded, however, the sentencing judge's refusal to grant Petitioner's motion
6  and place him on probation with an order for drug treatment and instead impose the presump-
7  tive middle-term second strike sentence was based on his criminal history and not the
8  supplemental statement. [Lodgment No. 10, pp. 8-9; Lodgment No. 12, p. 2.]  The error was,
9  therefore, found to be "harmless beyond a reasonable doubt."  [Lodgment No. 10, pp. 8-9,
10  (citing Chapman, 386 U.S. at 24.)]

11    In reaching its decision, the Court of Appeal identified and applied the correct standard
12  with regard to a constitutional error arising out of the admission of unconstitutional evidence at
13  the sentencing stage.  See Satterwhite v. Texas, 486 U.S. 249, 258 (1988) (evidence errone-
14  ously admitted at the sentencing stage in a capital case is subject to a harmless error
15  analysis.)  Such a violation is, as the Court of Appeal recognized, subject to the Chapman
16  harmless error test.  Id.

17    Furthermore, the state appellate court did not apply the Chapman harmless error test to
18  the facts of Petitioner's case in an objectively unreasonable manner.  The Court of Appeal
19  found it was not "reasonably probable" the trial court would have imposed a more favorable
20  sentence (i.e. placed Petitioner on probation and sent him to a drug treatment program)
21  without the error. [Id., citing People v. Avalos, 37 Cal.3d 216, 233 (1984).]  In doing so, the
22  appellate court observed the sentencing judge recounted Petitioner's extensive and ongoing
23  criminal history, noting he had a total of 15 felony convictions and exhibited unsatisfactory
24  performance on probation and parole.  [Lodgment No. 10, p. 8.]  With regard to the facts
25  described in the supplemental sentencing memorandum, the appellate court found the trial
26  court "appeared to give the incident little weight" because, after discussing the incident with
27  Petitioner's counsel, the trial court specifically stated its decision to deny the motion to strike
28  Petitioner's prior strike conviction was due to other factors.  [Id.]  Specifically, as the Court of

7

Appeal observed, the lower court was unable to find mitigating factors that warranted granting Petitioner's request to strike his prior strike conviction and place him on probation.  [Id.]  The appellate court concluded the sentencing judge's refusal to grant Petitioner's motion and place him on probation with an order for drug treatment and instead impose the presumptive middle-term second strike sentence was based on his criminal history and not the supplemental statement and the error was, therefore, found to be "harmless beyond a reasonable doubt." [Lodgment No. 10, pp. 8-9 (citing Chapman, 386 U.S. at 24); Lodgment No. 12, p 2.]

In sum, the appellate court's harmless-error review was neither contrary to nor an unreasonable application of clearly established U.S. Supreme Court precedent.  Habeas relief, therefore, is not appropriate under 28 U.S.C. § 2254(d).

## 2.   Petitioner Was Not Prejudiced by the Error

Even if the state court decision was contrary to or an unreasonable application of U.S. Supreme Court harmless error precedent, Petitioner's claim does not satisfy the test for prejudice under Brecht.  In reviewing for harmless error, a federal habeas court "must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in" Brecht.  Under Brecht, "the standard for determining whether habeas relief must be granted is whether the . . . error 'had substantial and injurious effect or influence in determining the jury's verdict.'"  Brecht, 507 U.S. at 623, 637 (quoting and adopting the harmless error standard established in Kotteakos v. United States, 328 U.S. 750, 776 (1946)).  The Brecht harmless error analysis "protects the State's sovereign interest in punishing offenders and its 'good-faith attempts to honor constitutional rights.'"  Calderon v. Coleman, 525 U.S. 141, 146 (1998) (per curiam) (quoting Brecht, 507 U.S. at 635).  The federal court asks directly, "'Do I, the judge, think that the error substantially influenced the... decision?'"  O'Neal v. McAninch, 513 U.S. 432, 436 (1995).  If a federal habeas judge is in "grave doubt" about whether a constitutional trial error "had substantial and injurious effect or influence in determining the verdict," the error is not harmless and "the petitioner must win." Id. at 445.

1       In this case, after reviewing the entirety of the record, the Court does not find the trial

2  court's consideration of the supplemental statement in aggravation had a substantial and

3  injurious effect on the imposition of the sentence.  Petitioner was not eligible for probation

4  because of his prior strike.  See Cal. Penal Code § 1170.12(a)(2).  At the time of the hearing,

5  Petitioner had been on parole, or in prison, since he received his first sentence in 1990, and

6  had returned to prison ten times since.  [Lodgment No. 1, p. 34.]  His attorney contemplated an

7  8 year sentence but argued Petitioner's strike should be stricken so as not to have dispropor-

8  tionate sentences between the co-defendants and because the event that resulted in his arrest

9  was "isolated" and "aberrant behavior."  [Lodgment No. 4, pp. 29-30.]  The trial court rejected

10 that argument before considering the supplemental sentencing memorandum.  [Id., p. 34-35.]

11      As the trial court observed, Petitioner's prior crimes increased in severity over time from

12 possession charges to drug sales.  [Lodgment No. 4, pp. 34-35.]  Petitioner admitted to his

13 probation officer he dealt drugs because he was under financial strain and used drugs to help

14 cope with the pressure of integrating back into society. [Lodgment No. 1, p. 34.]  His probation

15 officer's report, which was prepared before the prosecutor submitted the supplemental

16 sentencing statement, recommended Petitioner receive a sentence of eleven years, remarking

17 "even if [Petitioner] were eligible for probation, he does not appear to be a suitable candidate

18 due to his prior criminal history, his failure to address his substance abuse problem and his

19 unsuccessful attempts at probation and parole in the past."  [Id., pp. 34-35.]  Furthermore,

20 when he was arrested he was still in possession of 39 grams of methamphetamine, which the

21 trial court suspected was intended for another sale.  [Lodgment No. 4, pp. 34-35.]  The trial

22 court imposed the middle term second-strike sentence (eight years), which was the presump-

23 tive sentence for Petitioner's crime.  [Lodgment No. 1, pp. 37-38.]  Under the circumstances,

24 the Court can not say the trial court's consideration of the supplemental statement in aggrava-

25 tion substantially influenced the sentence or even that if the supplemental statement had not

26 been considered, Petitioner would have likely received a lighter sentence.  For these reasons,

27 as well as those articulated by the Court of Appeal, the Court does not find the trial court's

28

consideration of the supplemental statement had a substantial and injurious effect or influence on the sentencing decision.

### ***CONCLUSION AND RECOMMENDATION***

After a review of the record in this matter, the undersigned Magistrate Judge recommends the Petition for Writ of Habeas Corpus be DENIED with prejudice.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than <u>February 18, 2011</u>, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than <u>February 28, 2011</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   January 27, 2011

Jan M. Adler
U.S. Magistrate Judge